### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**LAL BHATIA**                                                                **PETITIONER**

**VS.**                                          **CIVIL ACTION NO: 5:13-cv-74-DCB-MTP**

**ERIC HOLDER; CHARLES E. SAMUELS, JR.;**
**and VANCE LAUGHLIN**                                                        **RESPONDENTS**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendations of August 22, 2014 **[docket entry no. 33]**. Therein, Judge Parker recommends that the Petition for Writ of Habeas Corpus be denied, that Petitioner's Motion for Bail be denied, and that this matter be dismissed with prejudice. Also pending is Petitioner's Motion for Extension of Time to File **[docket entry no. 34]** his objections to Judge Parker's Report and Recommendations. Having reviewed the Report and Recommendations, the petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner Lal Bhatia is currently incarcerated at the Adams County Correctional Center, serving sentences for wire fraud and money laundering. Bhatia filed this petition for writ of habeas corpus under 28 U.S.C. Section 2241 on May 15, 2013. In it, he raises four grounds warranting relief: (1) breach of his plea agreement, (2) violation of the Sentencing Reform Act, (3)

1

violation of his substantive due process rights, and (4) violation of his procedural due process rights. Pet. p. 39-50, ECF No. 1. Respondent Vance Laughlin[1] answered Bhatia's petition. Resp., ECF No. 11.

As a preliminary matter, the Court will retroactively grant Bhatia's motion for an extension of time to file his Objections to the Report and Recommendations. Bhatia has already filed his Objections within his requested deadline extension, and Laughlin has filed in response to them. See Objection to Report & Recommendation ("Objections"), ECF No. 35; Resp. Opp., ECF No. 36. Accordingly, the Court may properly consider Bhatia's Objections.

In rather grandiose language, Bhatia raises two objections: (1) that Judge Parker should have applied the "miscarriage of justice" exception to Bhatia's case and (2) that Judge Parker did not apply the correct standard of review to the sentencing court's decisions. Pursuant to Uniform Local Civil Rule 72(a)(3), Laughlin informed the Court that he would not respond to Bhatia's objections. See Resp. Opp. p. 1. These objections merit a de novo review of Judge Parker's Report and Recommendation. See 28 U.S.C. § 636(b)(1) (2009).

---

[1] Bhatia named Eric Holder, the United States Attorney General, Charles E. Samuels, Jr., the Director of the Federal Bureau of Prisons, and Vance Laughlin, the Warden of the Adams County Correctional Center, in his petition; Judge Parker, however, determined Laughlin was the only proper respondent. See Report & Recommendation p. 3 n.1 (citing 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-42 (2004)).

In his first objection, Bhatia argues the proceeding in the California District Court was a miscarriage of justice sufficient to undermine not only his convictions but also "*any* proceedings before the California District Courts." Objections p. 20-21 (emphasis in original). The fundamental miscarriage of justice exception, also known as the actual-innocence exception, is available "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). It permits a court to hear an otherwise barred "successive petition[] for federal habeas relief." Id. Bhatia, however, cannot rely on the exception in this case because it applies to an attack on the validity of a conviction and is generally inappropriate in a motion brought under 28 U.S.C. Section 2241. It should be brought under Section 2255 motion filed in the sentencing court. See Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 683 (5th Cir. 1997).

Judge Parker, however, correctly stated that a district court may hear such an argument brought under Section 2241, in a limited exception referred to as the "savings clause," if Bhatia could show "that the remedy under Section 2255 is inadequate or ineffective." Report & Recommendations p. 11 (citing Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)). The Fifth Circuit has held that the savings clause

> applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that

>the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. Although the first element of the savings clause test is predicated on the idea of actual innocence, the Fifth Circuit has firmly knotted it to cases where the conduct relied on for conviction is no longer criminal. See id., at 903 (finding that most courts have formulated their savings clause standards based on "actual innocence and retroactivity"). Bhatia makes no such argument. The claim of actual innocence made in his Objections relies on supposedly new evidence and admissions made by the prosecution that the evidence supporting his conviction was fabricated. Objections p. 8-10, 16-17. As a matter of procedure, Bhatia must first satisfy the savings clause test before a court may hear arguments concerning the fundamental miscarriage of justice exception. Judge Parker found that Bhatia had not shown the ineffectiveness of a Section 2255 remedy, and the Court concurs. See Report & Recommendations p. 11 ("[A] time delay does not meet the stringent requirements set forth in Reyes-Requena." (citation omitted)). Therefore, Bhatia's first objection will be overruled.

In his second objection, Bhatia, without stating what standard he believes Judge Parker did apply, states that Judge Parker should have applied a two-step analysis to the sentencing court's decision not to give him credit for his prior detention or not to run his sentences concurrently. Objections p. 26. As to whether Bhatia

4

should receive credit, Laughlin showed that Bhatia already received credit for his time spent in federal custody, and it was applied to his first sentence. Resp. p. 9. Judge Parker ruled that an inmate cannot receive such credit twice; once it has been applied to a sentence, it is gone. Report & Recommendation p. 9 (citing United States v. Wilson, 503 U.S. 329, 337 (1992)). Bhatia does not overcome this bar. Bhatia similarly fails to show he is entitled to have his sentences run concurrently. He argues that Judge Parker should have first "ensure[d] there [was] no significant procedural error" committed by the sentencing court then second "if the sentence is procedurally sound or if the procedural error is harmless, . . . consider[ed] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Objections p. 26-27. The Court finds that this is exactly what Judge Parker did. Therefore, Bhatia's second objection will be overruled.

Having conducted a de novo review of the portions of the Report and Recommendations objected to, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations are hereby ADOPTED.

FURTHER ORDERED that the Petitioner's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED.

5

    FURTHER ORDERED that the Petitioner's Motion for Bail Pending Adjudication is DENIED.

    FURTHER ORDERED that the Petitioner's Motion for Extension of Time to File Objections is GRANTED retroactively.

    A final judgment dismissing the Petition in accordance with Federal Rule of Civil Procedure 58 will follow.

    SO ORDERED this the 1st day of November 2014.

                                              /s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE